## MARY J. MONTANO v. W. R. CASTLE.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 9, 1902.                    DECIDED JULY 26, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A party who, with full knowledge of the facts connected with the
execution of a contract, accepts a part of the benefits accruing
from such contract thereby ratifies the contract as a whole.

### OPINION OF THE COURT BY GALBRAITH, J.

This is a bill in equity for an accounting. The Circuit Judge
found for the plaintiff and decreed accordingly. The defendant
appealed.

It appears from the record that the plaintiff and her husband,
A. A. Montano, in December, 1899, were indebted to the de-
fendant in the sum of sixteen thousand dollars, over-due, and
secured by trust deed on their property; that the defendant was
authorized as agent, for a commission of one thousand dollars,
to sell one tract of land belonging to the plaintiff and included
in the trust deed for the sum of twenty-five thousand dollars;
that a sale was effected and a deed prepared by the defendant re-
citing the consideration as paid and was sent to the plaintiff by
a Notary Public and the plaintiff and her husband executed the
same; that no part of the consideration was paid in cash; that
the purchaser assumed the $16,000 mortgage and secured it by a
mortgage on the land and the balance of the consideration
($9,000.00) was evidenced by two promissory notes, one for six
thousand dollars and the other for three thousand dollars, due in
three years, bearing 7% interest, payable semi-annually and
secured by chattel mortgage on a dairy property; that about the

same time the plaintiff bought of defendant a tract of land for twenty-five hundred dollars; that after conveying this land and cancelling the sixteen thousand dollar debt and other indebted-ness amounting to five hundred dollars the defendant held for the plaintiff the balance of the purchase money, six thousand dollars, in a promissory note for that amount due in three years bearing 7% interest per annum and secured by a chattel mortgage running to himself as trustee (without reciting for whom he was trustee) on certain leaseholds embraced in a dairy farm and the cows, calves and equipment connected therewith; that the interest on that note was later voluntarily increased by the mortgagor to 8%; that on May 24th, 1900, almost five months after the sale, the sum of seven hundred dollars was paid the plaintiff on this six thousand dollars indebtedness and credited on the note and afterwards the interest for six months was paid and accepted by her; that the plaintiff after repeated demands and a failure to obtain the balance due of five thousand three hundred dollars commenced this proceeding for an accounting.

The principal question in the case is one of fact and the testimony is at variance. The agency to sell is conceded but the authority to sell on credit or to accept the six thousand dollars of the proceeds in the chattel mortgage is denied.

It is contended by the plaintiff that she only authorized a sale for the cancellation of the sixteen thousand dollars mortgage and the balance cash; that she did not authorize a sale on credit or the investment in the chattel mortgage or agree to accept such mortgage; that she never ratified that investment but specifically repudiated it as soon as she learned that it had been made; that she did not accept the seven hundred dollars payment or the interest with the idea or intention that she was ratifying or approving the investment and only thought that by accepting said sums she was taking a part of the balance of the purchase money due on the sale of her property and on deposit with the defendant.

The defendant contends that he was specifically authorized to make the sale as it was made and to accept the chattel security by the plaintiff's husband who was duly authorized to act as her

agent for that purpose; that the plaintiff when notified of the sale and investment at the time was satisfied with it and subsequently ratified it by accepting the seven hundred dollars payment on the principal and the interest and only became dissatisfied later because she had changed her mind; that he had held A. A. Montano's general power of attorney and had sustained friendly business relations with both plaintiff and her husband for a number of years past. That the price for which the land was sold was very high and that he was only enabled to obtain that price by accepting the chattel security; that the plaintiff and her husband both knew and authorized the sale to Achi, the purchaser, and were well acquainted with his financial condition and knew that he could not pay cash for the land.

The defendant had no written power but acted on oral instructions given by A. A. Montano and relies on this and subsequent ratification by plaintiff.

The evidence justifies the inference that the plaintiff knew of the entire transaction on January 3rd, 1900, that the mortgage was exhibited to her then and she read it carefully and the only objection made at that time was to one item of the property set out in the schedule; that in February following a statement of account from the defendant showing this mortgage as an investment made at his request was delivered to A. A. Montano in whose name the account had been kept in defendant's books up to that time; that on May 24th, 1900, she accepted $700 on the principal of the debt and accepted the interest for the first six months and that the rate of interest on the note was changed from 7% to 8% at her solicitation; that if the plaintiff did not authorize the taking of the mortgage she afterwards with full knowledge of the facts ratified the acts of the defendant in accepting it.

If the plaintiff was dissatisfied with the security it was certainly her duty when the facts came to her knowledge on January 3rd, to have made her objections known and if they were not satisfied to have repudiated the entire sale. She cannot be permitted to accept the benefit of the sale so far as she may consider it to her advantage to do so and repudiate the remainder.

The contract of sale must be accepted as a whole or repudiated in its entirety.

We do not think that the evidence sustains the finding and decree of the Circuit Judge.

The decree appealed from is reversed and the cause remanded with direction to dismiss the bill.

*L. Andrews* and *F. Andrade* for plaintiff.

*W. R. Castle* in person, *P. L. Weaver* and *W. L. Whitney* for defendant.